**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW CONNOLLY and<br>GAVIN CAMPBELL BLACK,<br><br>*Defendants*. | No. 1:16-cr-00370 (CM)<br><br>ECF Case<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT MATTHEW CONNOLLY'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION *IN LIMINE* TO ADMIT EVIDENCE INDICATIVE OF HIS WITHDRAWAL FROM THE ALLEGED CONSPIRACY**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

CONCLUSION ............................................................................................................................... 3

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*United States v. Binday*,
  993 F. Supp. 2d 365 (S.D.N.Y. 2014)...................................................................................2

*United States v. Borelli*,
  336 F.2d 376 (2d Cir. 1964)..................................................................................................2

*United States v. Goldberg*,
  401 F.2d 644 (2d Cir.1968)...................................................................................................3

*United States v. Grimmett*,
  150 F.3d 958 (8th Cir. 1998) ................................................................................................2

*United States v. Hughes*,
  191 F.3d 1317 (10th Cir. 1999) ............................................................................................2

*United States v. James*,
  609 F.2d 36 (2d Cir.1979).....................................................................................................2

*United States v. Nerlinger*,
  862 F.2d 967 (2d Cir. 1988)..................................................................................................2

*United States v. Thornburgh*,
  645 F.3d 1197 (10th Cir. 2011) ............................................................................................3

**Statutes**

18 U.S.C. § 3293....................................................................................................................2

Defendant Matthew Connolly respectfully submits this memorandum of law in support of his individual motion *in limine* to admit evidence demonstrating his withdrawal from any alleged conspiracy.[1]

## PRELIMINARY STATEMENT

Although the Superseding Indictment charges a conspiracy from "in or about 2004 through in or about 2011," Connolly left his employment at Deutsche Bank AG ("Deutsche Bank" or the "Bank") in March 2008. Connolly's complete detachment from Deutsche Bank after his departure in 2008 is clear evidence of his disavowal of, and withdrawal from, the alleged conspiracy, and the jury should be allowed to make that determination. By this motion, Connolly seeks permission to admit evidence of his departure from the Bank—including the end of his responsibilities as an employee and supervisor, or any role with respect to financial transactions at the Bank—and to establish his withdrawal from any alleged conspiracy.

## ARGUMENT

The Superseding Indictment implicates Connolly in a conspiracy from "in or about 2004 through in or about 2011" (SI ¶¶ 10, 25-26), but concedes that Connolly only worked at Deutsche Bank's "Pool Trading Desk" from "in or about January 2005 through in or about March 2008," i.e., less than half of the alleged conspiracy period.

Connolly did not participate in any conspiracy. If the jury were inclined to disagree, however, evidence of Connolly's effective withdrawal from the alleged conspiracy is crucial to the defense because: (1) if the Government fails make its requisite showing that the alleged conspiracy "affected a financial institution," it therefore is not entitled to a 10-year statute of

---

[1] This motion *in limine* pertains only to Connolly, and not to co-defendant Gavin Campbell Black. Black and Connolly jointly filed Defendants' Joint Combined Motions *in Limine*, which address issues relevant to both Defendants.

limitations period pursuant to 18 U.S.C. § 3293, (*see* SI ¶ 25); and (2) if the jury were to find that Connolly withdrew from any conspiracy, and did not engage in any offense-conduct after 2008, the charges against him for such conduct would be untimely.  *See United States v. Grimmett*, 150 F.3d 958, 958 (8th Cir. 1998) (reversing and vacating drug-conspiracy, holding that "withdrawal from a conspiracy can bar prosecution on limitations grounds even if it is not available as a defense"); *United States v. Hughes*, 191 F.3d 1317, 1323 (10th Cir. 1999) (holding that withdrawal "can exonerate" a defendant "as to future conduct by his coconspirators.").

While a defendant who knowingly and intentionally participates in a conspiracy may be convicted "even if he does not join it at the beginning," *see, e.g.*, *United States v. Binday*, 993 F. Supp. 2d 365, 368 (S.D.N.Y. 2014), a defendant also can cease to be liable for conduct arising from an alleged conspiracy if he has effectively withdrawn from that conspiracy.  Withdrawal requires "affirmative action . . . to disavow or defeat the purpose [of the conspiracy]." *United States v. James*, 609 F.2d 36, 41 (2d Cir. 1979) (citation omitted).  The "[m]ere cessation of [conspiratorial] activity is not enough"—withdrawal must be accompanied by a "communication of the abandonment in a manner reasonably calculated to reach co-conspirators." *United States v. Borelli*, 336 F.2d 376, 388 (2d Cir. 1964).

A defendant's departure from his place of employment—coupled with some other indicia of disassociation or repudiation—can establish withdrawal.  *See United States v. Nerlinger*, 862 F.2d 967, 974 (2d Cir. 1988) (finding withdrawal where the defendant "unquestionably disavowed the conspiracy" when he resigned and closed a purportedly fraudulent account).  A defendant has withdrawn from a conspiracy where he has been "disabled" from "further participation" and "made that disability known" to his co-conspirators.  *Id.* (finding defendant "foreclosed his continuing in that role and relinquished any claim to subsequent profits"); s*ee*

*also United States v. Goldberg*, 401 F.2d 644, 649 (2d Cir.1968) (resignation, plus the absence of any subsequent activity in furtherance of the conspiracy, established withdrawal). "Communicating one's withdrawal from a conspiracy is not overly difficult: it can be accomplished by affirmative actions 'inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach co-conspirators.'" *United States v. Thornburgh*, 645 F.3d 1197, 1205 (10th Cir. 2011) (citing *United States v. United States Gypsum Co.*, 438 U.S. 422, 464–65 (1978)).

In this case, the jury should be permitted to consider evidence of Connolly's departure from Deutsche Bank in March 2008, and to conclude that this departure effectively "disabled" his ability to further the conspiracy, and "foreclosed" any potential continuing role or any potential "claim to subsequent profits" from the conspiracy. Such evidence is relevant to whether Connolly participated in a seven year-long conspiracy and whether the charges against him are timely.

## **CONCLUSION**

For the foregoing reasons, Defendant Connolly respectfully requests permission to admit evidence of his withdrawal from the alleged conspiracy at trial.

Dated: New York, New York
April 23, 2018

By: *s/ Kenneth M. Breen*
Kenneth M. Breen
John P. Nowak
Phara A. Guberman
Jane H. Yoon
Amanda L. Pober

**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
kennethbreen@paulhastings.com
johnnowak@paulhastings.com
pharaguberman@paulhastings.com
janeyoon@paulhastings.com
amandapober@paulhastings.com

*Attorneys for Defendant Matthew Connolly*