

**U.S. Department of Justice**

Criminal Division

---

*Fraud Section*          *Michael T. Koenig*
                         *(202) 616-2165*
                         *Michael.Koenig@usdoj.gov*

                         *450 5th Street NW*
                         *Washington, D.C. 20530*

**VIA ECF**                                      September 30, 2018

Honorable Colleen McMahon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    <u>United States v. Connolly and Black, 16-CR-370 (CM)</u>

Dear Chief Judge McMahon:

    Per the Court's instruction, the government writes to proffer the testimony of Guy Weston-Edwards if he is permitted to be recalled as a witness in the government's case-in-chief. (Prelim. Tr. 1000:4-11.)  Mr. Weston-Edwards' testimony will relate to, among other things, trades that establish payment wires for counts 6 and 7, and trades showing the effect on financial institutions.

    In particular, Mr. Weston-Edwards will testify to reliable RMS data—back office system IDs, trading books, fixing dates, and tenors—associated with only 7 of the original 27 trades in GX 1-456.  Given the Court's ruling, however, Mr. Weston-Edwards will not testify to the "trader" field in RMS.  Instead, just as the government established connections between traders and Federal Home Loan Banks,[1] the government will connect each of the 7 trade confirmations themselves to defendants/co-conspirators through a combination of Mr. Weston-Edwards' testimony, cooperator testimony, and documentary exhibits.

    To make the government's plans clear, Mr. Weston-Edwards will be shown trade confirmations that have back office system IDs, and then he will be asked if he looked up the given ID in RMS, at which point the government will ask him for the associated trading book, fixing date, and tenor.  Since the data are business records, *United States v. D'Agostino*, 638 Fed. App'x 51, 56 (2d Cir. 2016), Mr. Weston-Edwards' testimony that he personally viewed the data is sufficient to establish that the trades are in fact associated with the books, fixing dates, and tenors.  However, because Mr. Weston-Edwards is unlikely to be able to memorize the RMS

---

[1]    For FHLB witnesses, the Court ruled that the government must lay its foundation block by block before any such witnesses may be called. (Prelim. Tr. 360:24-361:3.)  The government believes it has done so, as shown in Attachment A to this letter.

data, the government may use a prior version of GX 1-456 prepared before trial and/or any notes he prepares when checking the data against RMS to refresh his recollection.

      With the above proffer, the government respectfully requests permission to recall Mr. Weston-Edwards to testify in the manner described.

Sincerely,

/s/
CAROL L. SIPPERLY
Senior Litigation Counsel
ALISON L. ANDERSON
Trial Attorney
Criminal Division—Fraud Section
United States Department of Justice

MICHAEL T. KOENIG
CHRISTINA J. BROWN
Trial Attorneys
Antitrust Division
United States Department of Justice