

1(212) 318-6344
kennethbreen@paulhastings.com

October 9, 2018

Honorable Colleen McMahon
Chief United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *United States v. Connolly, et al.*, No. 16-CR-00370

Dear Chief Judge McMahon:

We received the government's submission, dated October 8, 2018 ("October 8 Letter"), which seeks the Court's guidance relating to its proposed materiality instruction; opposes a potential constructive amendment motion that has not yet been made (but will be made if necessary); and requests that the Court avoid any jury instructions that could result in a constructive amendment determination, notwithstanding the evidence that the government has offered into evidence in the last few weeks. (Dkt. 334.) Defendant Matthew Connolly objects to the government's submission and reserves his rights to more fully address the contents of this letter at the appropriate time – defense motions for relief are imminent. We respectfully submit this response, however, to briefly address some of the fundamental flaws set forth in the government's letter. In short, after shifting course repeatedly and presenting a case nowhere charged in the Superseding Indictment, the government should not be granted preemptive relief.

The Court is familiar with the government's shifting theories of prosecution in the lead-up to this trial. Indeed, the Court ordered the government, on May 22, 2018, to identify once and for all whether it would be pursuing a convergent or non-convergent theory of fraud at trial. In its May 29, 2018 submission ("May 29 Letter") (Dkt. 272), the government informed the Court that it would be proceeding at trial on a convergent theory of fraud, explaining that under this theory, it intended to prove the following false statements at trial: "(1) false statements when entering into swap transactions; and (2) biased and dishonest LIBOR submissions that went through the BBA and Thomson Reuters, acting as conduits." *Id.*

Aware that its evidence does not satisfy either of the false statements in its May 29 Letter, and aware that its theory of prosecution is not alleged in the Indictment, the government now seeks to save its case by announcing a new interpretation of the Indictment in the days before the jury is charged, submitting that the Indictment sufficiently alleges *three* types of material misrepresentations and *both* prosecution theories: (1) "skewed" LIBOR submissions to the BBA (non-convergent); (2) false pretenses to trading counterparties when entering into trades (convergent); and (3) "skewed" submissions that were published and used to fix the daily LIBOR setting, with Thomson Reuters as a "conduit" (convergent).

Yesterday's letter represents another course correction. It departs from what the government asserted in its April 2018 *in limine* motions – namely, that this case was about *two* types of false and fraudulent pretenses and/or statements to trading counterparties. And it also clashes with the May 29 Letter, in which the government indicated its decision not to depose BBA employee Sally Scutt, and to pursue a convergent theory based upon *two* types of false statements to Deutsche Bank's counterparties. Finally, last week, the government made even more confusing representations to the Court regarding its theory of prosecution:

> MS. SIPPERLY: And so I do think the government, you know, has been seriously considering coming back to the Court saying it should go on both theories, and if you'd give us a little while longer, we'll come back.

(Tr. at 2028:5-8.)

The Court should not indulge the government's request to save it from the consequences of its own strategic decisions in this case. To be clear, it was the Court and the defense that were "sandbagged" by the government's assertion of a new convergent theory in April, some six weeks before the prior trial date in the context of *in limine* motions. But as a consequence of the government "switching horses," the government prevailed on various motions, including those relating to the admissibility of counterparty testimony.

Once the Court entered its trial date adjournment, the government had the opportunity to re-present its case to a grand jury, but opted not to do so, despite the risk of a constructive amendment finding. Indeed, it doubled down, by confirming in the May 29 Letter that it would forgo a BBA deposition altogether and focus on the two types of statements, as articulated in its *in limine* motions, in support of a convergent theory.

More than three months later, the government opened this trial and proceeded on one theory – a convergent one – until October 3rd, when, with the case-in-chief nearly at its close, the government disclosed it was "seriously considering" pursuing "both theories." (Tr. at 2028:5-8.) Apparently, the government has reconsidered, and now asserts it has proven both theories as to three (not two) types of statements.

The government is not entitled to preemptive relief from its own choices. Defendants respectfully submit that the time for briefing of the issues raised in the government's October 8 Letter is not ripe, and fully reserve all rights to address the government's arguments at the appropriate time, should it arise.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Kenneth M. Breen*

Kenneth M. Breen
for PAUL HASTINGS LLP

cc: Counsel for all Parties (via ECF)