# LEVINE LEE LLP

### NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/2020

650 Fifth Avenue, 13th Floor
New York, New York 10019
212 223 4400 main
212 223 4425 fax
www.levinelee.com

Seth L. Levine
212 257 4040 direct
slevine@levinelee.com

September 21, 2020

MEMO ENDORSED

**VIA ECF**

Honorable Colleen McMahon
Chief United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

9/21/2020
Granted without prejudice [handwritten endorsement]

**Re:   *United States v. Connolly, et al.*, No. 16-cr-00370**

Dear Chief Judge McMahon:

We respectfully submit this letter on behalf of Defendants Matthew Connolly and Gavin Campbell Black pursuant to Federal Rule of Appellate Procedure ("FRAP") 10(e) to obtain a ruling from this Court that certain materials that the Court referenced during Defendants' sentencing, namely, two Government emails sent in response to requests from the Court in this case and several sentencing transcripts and filings in related cases, are part of the record for purposes of the Government's cross-appeal of Defendants' sentencing.

**Background**

The Court held a sentencing proceeding on October 24, 2019. [ECF No. 457 ("Sent. Tr.").] Prior to the sentencing proceeding, the Court made several requests of the parties concerning their sentencing submissions. As relevant here, on May 2, 2019, the Court issued an order stating: "the court would like the relevant sentencing submissions to address whether Mr. Black could serve any sentence of any sort that might be imposed in the United Kingdom." [ECF No. 434.] The Government responded to this inquiry in an undocketed email dated October 22, 2019 that was sent to the Court's Deputy (the "October 22 Email"). (Ex. A.) During the sentencing proceeding, the Court identified the October 22 Email as one of the documents that it received and reviewed in connection with the sentencing. [Sent. Tr. at 4:18-21 ("I have received in response to my inquiry from the government a letter dated October 21, 2019 and a follow-up e-mail dated October 22, 2019 regarding the prisoner transfer program.").]

On October 15, 2019, the Court directed the Government, via an email from the Court's Deputy, to file a revised version of the chart filed at ECF No. 446-2. (Ex. B.) The Government responded to this request in an undocketed email dated October 16, 2019, which attached the revised chart (the "October 16 Email"). (*Id.*) The Court similarly identified the October 16 Email as one of the documents that it received and reviewed in connection with the sentencing. [Sent Tr. at 3:16-23.]

In addition, Defendants in their sentencing submissions cited to the transcripts of and documents from sentencing proceedings in several related cases, including Michael Curtler's sentencing transcript docketed in *United States v. Curtler*, 15-CR-670 at ECF No. 28;[1] Anthony Allen and Anthony Conti's sentencing transcript docketed in *United States v. Allen*, 14-CR-272 at ECF No. 242;[2] Mr. Curtler's sentencing memorandum docketed in *Curtler*, 15-CR-670 at ECF No. 23;[3] and the Government's letter regarding Mr. Curtler's cooperation docketed in *Curtler*, 15-CR-670 at ECF Nos. 24, 24-1[4] (the "Related Case Documents"). The Court referenced several of the Related Case Documents during the sentencing proceeding. (*See, e.g.*, Sent. Tr. at 5:3-6 (the Court stating that "I have reviewed some rather more salient sentencing minutes from the Rabobank case, Judge Rakoff's sentencing of Messrs. Allen and Conti and Mr. Stewart."), 13:15-18 (the Court referring to a statement from Mr. Curtler's sentencing submission), 44:10-13 (the Court noting that the Government did not argue for a sentencing enhancement for Mr. Curtler).)

On September 8, 2020, the Government provided Defendants with a list of documents it intended to include in its Sentencing Appendix on appeal. Defendants subsequently requested that the Government add certain documents to the Sentencing Appendix, including the October 22 Email, the October 16 Email, and the Related Case Documents (collectively, the "Disputed Documents"). The Government has refused to add these documents to the Sentencing Appendix on the ground that they are not part of the record on appeal and will not stipulate otherwise. On September 18, 2020, the parties met and conferred by telephone, but were unable to reach agreement.

---

[1] *See* ECF No. 439 at 30-31; ECF No. 440 at 46 n.6, 50; ECF No. 442 at 2 n.2, 3, 7.

[2] *See* ECF No. 440 at 43; ECF No. 442 at 2 n.2.

[3] *See* ECF No. 439 at 29, 30; ECF No. 440 at 42, 48-49; ECF No. 442 at 1-2, 7, 13.

[4] *See* ECF No. 440 at 40, 44.

**Discussion**

    FRAP 10(e) provides:

    (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

    (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

        (A) on stipulation of the parties;

        (B) by the district court before or after the record has been forwarded; or

        (C) by the court of appeals.

Given that the Disputed Documents were placed before the Court at sentencing and, as reflected in the sentencing transcript, the Court considered them in sentencing Defendants, Defendants respectfully request that the Court rule that they are part of the record for purposes of the Government's sentencing appeal. *See Libaire v. Kaplan*, 06-CV-1500, 2010 WL 2301197, at *4 & n.3 (E.D.N.Y. June 7, 2010) (granting a FRAP 10(e) motion where "it appears that the exhibits were placed before the Court for its consideration and the Court in fact considered at least some of them").

    Accordingly, we respectfully request that the Court rule pursuant to FRAP 10(e) that the following documents are part of the record for purposes of the Government's sentencing appeal:

- the October 22 Email attached as Exhibit A hereto;
- the October 16 Email attached as Exhibit B hereto;
- Michael Curtler's sentencing transcript docketed in *United States v. Curtler*, 15-CR-670 at ECF No. 28;
- Anthony Allen and Anthony Conti's sentencing transcript docketed in *United States v. Allen*, 14-CR-272 at ECF No. 242;
- Mr. Curtler's sentencing memorandum docketed in *Curtler*, 15-CR-670 at ECF No. 23; and
- the Government's letter regarding Mr. Curtler's cooperation docketed in *Curtler*, 15-CR-670 at ECF Nos. 24, 24-1.

We thank the Court for its consideration.

                Respectfully submitted,

                Levine Lee LLP

                /s/ Seth L. Levine
                Seth L. Levine
                Scott B. Klugman

                Paul Hastings LLP

                /s/ Kenneth M. Breen
                Kenneth M. Breen
                Phara A. Guberman

cc: All parties (via ECF)