UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

- v. -

MATTHEW CONNOLLY, and
GAVIN CAMPBELL BLACK,

                Defendants.

------------------------------------------------------------X

S1 16 CR 370 (CM)
(Also file in case 22 CV 9811 (JMF))

### DECISION AND ORDER ON GOVERNMENT'S MOTION TO ENFORCE PROTECTIVE ORDER

McMahon, J.:

The Government has responded to the court's February 28 order to show cause, not by making the particularized showing of why any grand jury material should remain subject to the protective order (as requested by the court), but instead by asking that the court authorize disclosure of the material on the ground that Mr. Connolly has made a particularized showing of the need for disclosure of grand jury material "preliminary to or in connection with a judicial proceeding," pursuant to Fed. R. Civ. P. 6(e)(3)(E)(i). (Dkt #490).

Mr. Connolly replies that, because the Government has failed to respond appropriately to the court's order to show cause, the protective order should be deemed dissolved insofar as it relates to the grand jury material as of the close of business tomorrow, March 15, 2023– which was the remedy the court had pre-selected and announced in its order to show cause.
Mr. Connolly also asks permission to share the grand jury material in his possession with counsel for Deutsche Bank (Dkt. 492).

1

Finally, Deutsche Bank has separately asked for access to the grand jury materials, arguing that, if Mr. Connolly is allowed to use the grand jury material in connection with his lawsuit, Deutsche Bank "need" the same material "in connection with a judicial proceeding." (Dkt. # 491).

Mr. Connolly has made a showing that he needs to use the grand jury material in connection with his lawsuit. As previously noted, he cannot rebut Deutsche Bank's motion to dismiss without it, because (as previously noted) his indictment raises a presumption that probable cause existed. If Mr. Connolly had never seen the grand jury material, the court would certainly authorize its disclosure to him and his counsel in the present circumstances, in reliance on Rule 6(e)(2)(E)(i).

However, the grand jury material has already been disclosed to Mr. Connolly—he obtained access to it during the course of the criminal case—so I cannot "authorize disclosure" of the grand jury material to him at this point, as the Government asks me to do. The only thing I can do is dissolve the protective order insofar as it binds Mr. Connolly not to disclose or otherwise use—and requires him to destroy—the grand jury material that is in his possession. That I do. If the Government believes that there is any personal identifying information (social security numbers or the like) that should remain subject to the protective order, it needs to speak now or forever hold its peace.

The "parade of horribles" in other cases that the Government posits if I dissolve the protective order in this limited way is highly unlikely to occur as a result of this order. For one thing, this case is *sui generis*. For another, the Government's argument about the expectations of persons who disclose material to it "pursuant to a protective order" is logically fallacious. Any material that was disclosed to the Government by third parties and shown to the grand jury in this

2

case was disclosed well prior to the time when this court signed the protective order – which was long after the indictment was handed down. At the time the material was disclosed to the Government during the course of its investigation, there was no guarantee that any court would ever sign such a protective order; so no one could reasonably have relied on the existence of the protective order when disclosing material that was eventually shown to the grand jury. For that reason, dissolving the protective order to this limited extent, and for this limited purpose, could not possibly cause witnesses to be "reluctant" to disclose material to the Government– material the Government could (and undoubtedly did) compel them to produce, willingly or reluctantly, simply by issuing a subpoena.

Deutsche Bank, which did not obtain access to the grand jury material during the criminal case (in which it was merely a witness), has moved for access on the ground that it is "needed" in connection with Mr. Connolly's lawsuit. Deutsche Bank needs access to the grand jury material in order to rebut any argument by Connolly that the grand jury lacked probable cause to indict, so that motion is granted, except to the following extent: any of the grand jury material that did not originate with Deutsche Bank (most of it did), but that contains personal identifying information, must first be redacted if the Government identifies such information in response to the court's directive.

I trust this is the last involvement I will have in this matter.

Dated: March 14, 2023

                                                  U.S.D.J.

BY ECF TO ALL COUNSEL

BY EMAIL TO JUDGE FURMAN